UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BARBARA M. PARMENTER, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| | | CIVIL ACTION |
| Plaintiff, | ) ) | NO. |
| v. | ) ) | |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, TUFTS UNIVERSITY, and DOES 1-50 | ) ) ) ) | |
| Defendants. | ) ) ) | |

CLASS ACTION COMPLAINT

INTRODUCTION

1.    Barbara M. Parmenter ("Ms. Parmenter" or "Plaintiff"), individually and as a representative of a Class[1] of similarly situated individuals, complain and allege against Defendant The Prudential Insurance Company of America ("Prudential") and Defendants employee benefit plans fully insured by Prudential including Tufts University and Does 1-50 (collectively "Defendants"), violated the Employee Retirement Income Security Act of 1974 ("ERISA"), and the Secretary of Labor ERISA claim regulations.[2]

2.    Prudential sold group long term insurance plans nationwide representing to the insureds and plan participants that premium rates could only be increased if approved by the state of issuance's "Commissioner of Insurance." Prudential knew, or should have known, that in certain states such as Massachusetts, the Commissioner of Insurance has no rate approval authority over

---

[1] The capitalized term "Class" used throughout is defined below under the "**CLASS ALLEGATIONS**" header.
[2] The allegations made in this Class Action Complaint are based upon information and belief, and the evidence gathered to date by Plaintiff and counsel.

group long term care insurance rates. Thus making it impossible, in these unregulated states, to receive approval authority over group premium rate increases.

3.      Despite promising insureds and plan participants that Prudential would increase premiums only if approved by a state insurance regulator, Prudential increased rates for both plan participants and insureds without first securing governmental approval for the rate increases in unregulated states, like Massachusetts. A blatant violation of the policy terms.

4.      Plaintiff, and the Class, have been injured by Defendants' conduct in at least three ways. Plaintiff and the Class have: (1) paid premium increases that have not been approved by government regulators; and/or (2) have allowed their policies to lapse for failing to pay premiums after charged with increases that were never approved by government regulators; and/or (3) exercised a non-forfeiture provision to avoid a policy in consideration of substantially limiting the value of benefits under the policy.

5.      If Defendants had acted lawfully under ERISA and in accordance with the terms of the insurance contracts, Plaintiff and the Class members' rates would not have experienced increased premiums or other losses.

**PARTIES**

6.      Plaintiff Barbara M. Parmenter is an individual residing in Boston, Suffolk County, Massachusetts. Ms. Parmenter is a citizen of Massachusetts. Ms. Parmenter is an ERISA plan participant under a Prudential insured benefit group long-term care insurance plan sponsored by Tufts University. Ms. Parmenter's Prudential policy is attached as Exhibit A.

7.      Defendant Tufts University was Ms. Parmenter's employer at the time she enrolled in the group long-term care insurance plan. Tufts University is the "Plan Sponsor" and "Plan Administrator" as represented in the insurance policy. Tufts University is domiciled in Medford,

Middlesex County, Massachusetts and is a citizen of Massachusetts.

8.      Defendants Does 1-50 represent the other yet to be identified Plan Sponsors who
contracted with Prudential to provide group long-term care insurance to their employees,
insureds and other plan participants, and whose home state insurance commissioners had no
group rate approval authority at the time that Prudential increased rates on Class members. Does
1-50 can be identified after a review of Prudential's records, specifically policy forms, dates and
locations of sales, and history of rate increases.

9.      The Prudential Insurance Company of America is the insurer of the group long term care
insurance policy purchased by Ms. Parmenter and the Class. Prudential is domiciled in New
Jersey and is a citizen of New Jersey. Prudential is authorized to engage in the business of
insurance in the Commonwealth of Massachusetts.

**JURISDICTION AND VENUE**

10.     Tufts University offered to its employees a long-term care insurance plan ("Plan")
insured by Prudential governed under ERISA, 29 U.S.C. § 1001, *et. seq.*

11.     This Court has jurisdiction over this matter under 29 U.S.C. §1132(e)(1) and 28 U.S.C.§
1331.

12.     Venue is proper under 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b) and (c), because
Tufts University is a citizen of Massachusetts, Plaintiff is a citizen of Massachusetts, and
Prudential is conducting significant business in the Commonwealth of Massachusetts

**FACTS COMMON TO ALL CAUSES OF ACTION**

13.     Plaintiff is a participant in the Plan offered to employees of Tufts University, fully
insured by Prudential.

14.     Long-term care insurance typically covers the costs associated with care needs related
assistance with the activities of daily living – long term costs generally not covered by

Medicare/health insurance. When an insurance company markets and sells coverage for long-term care, it must honor promises made in the policy documents about future premium increases and not misrepresent how premiums will be increased.

15.     Long-term care coverage buyers are buying long-term financial security, and they count on the insurer to describe accurately the process and the commitments it makes and to honor its promises made in touting the policy and in the contract language.

16.     Prudential issued group long term care insurance policies nationwide to group policyholders, under various ERISA governed employee benefit plans and promised that it could only increase premium rates in the future "subject to the approval of the [state of issuance] Commissioner of Insurance." Exhibit A at 2.

17.     In several states where Prudential issued group long term care coverage, including the Commonwealth of Massachusetts, the commissioner of insurance has no rate approval authority over group long-term care insurance.

18.     Prudential, rather than honor its commitment to not raise rates unless it received approval from the insurance commissioner first, raised rates in unregulated states regardless of the ERISA plan terms, including the Plan providing benefits to the Plaintiff. .

19.     Prudential freely admits that it also incorrectly marketed the impacted polices as needing rate approval from regulators, noting "The general guidance provided during a Long Term Care enrollment presentation may reference the typical role a state plays in the regulation of the product and rate. At the time of the Tufts University enrollment, Prudential did not have significant experience with group rate changes." And "the general guidance provided during the Long Term Care enrollment presentation noted a state's role in the regulation of the product and rate. We apologize that this guidance was not tailored for this specific presentation of Group Long Term Care coverage to be issued in Massachusetts."

20.     On January 21, 2019, Prudential mailed a letter to Plaintiff notifying her that the group

long term care coverage she owned would be subject to a 40% rate increase effective May 1,

2019.

21.     The Massachusetts Insurance Commissioner did not approve of this rate increase.

22.     This 2019 rate increase, and all similar unapproved rate increases nationwide, violate the

ERISA welfare-plan terms when the plans state that premiums would only increase after

approved by a state insurance commissioner in the state of issuance.

23.     In 2020, in response to a second unapproved rate increase, Ms. Parmenter exercised the

non-forfeiture feature of her policy in order avoid paying future premiums in exchange for a

greatly reduced maximum benefit under her policy. She only exercised this option because of the

continued illegal rate increases Prudential demanded from her to keep the policy in force.

24.     Plaintiff and the Class are entitled to various forms of relief due to the fiduciary breach

committed by Prudential.

## CLASS ALLEGATIONS

25.     Plaintiffs seek certification of the following class under F.R.C.P 23(b)(1), (b)(2) and (b)

(3):

> "Class": All former or current Prudential group long term care insurance
> certificate holders who (1) were issued coverage under a group long term care
> policy which indicates premium rate increases will only occur subject to the
> approval of their home state insurance regulator and (2) who were issued their
> certificate of coverage in a state where group long term care insurance rates were
> unregulated at the time of a premium rate increase instituted by Prudential.

26.     The requirements for certification of a class under F.R.C.P 23(b)(1), (b)(2) and (b)(3)

have been met.

27.     Rule 23(a)(1) requires that a class be so numerous that joinder of all members is

impracticable. Here, there are at least hundreds (and likely far more) of impacted Class members.

28.     Rule 23(a)(2) requires that there be questions of law or fact that are common to the Class. Here the questions include, but are not limited to: Did Defendants violate the terms of the insurance policies when they increased premium rates without first receiving approval from the applicable insurance regulator?

29.     Typicality requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Like Plaintiff, the Class members have all suffered "the same or similar injury": they all had their premium rates increased even though the rates increases were not approved by the applicable regulator. This common injury springs from the same "uniform course of conduct," namely: Prudential is increasing premium rates even in states where group rates are unregulated and no regulatory approval has been received.

30.     Rule 23(a) requires that Plaintiffs demonstrate that they will fairly and adequately protect the interests of the Class. Plaintiffs' interests are co-extensive and do not conflict with the proposed Class members' interests and are typical of the claims of the other Class members. Plaintiffs have an interest in vigorously prosecuting this case on behalf of the proposed Class because they seek to prevent Defendants' practice of increasing premiums when they have received no rate approval authority to do so. This explicitly advances the interests of the Class in lockstep. Likewise, Class counsel selected by Plaintiff will vigorously prosecute this action on behalf of the Class. Class counsel has significant experience in ERISA governed insurance litigation and insurance focused consumer class litigation.

31.     A class action is maintainable under Rule 23(b)(1)(A) if "prosecution of separate actions … would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party

opposing the class." Fed.R.Civ.P. 23(b)(1)(A). That is precisely the situation here. If the Class members were to file separate lawsuits all over the country seeking damages and injunctive relief, some courts may tell Defendants it violated ERISA and the policy terms and order an injunction/damages, whereas other courts could potentially find Defendants' conduct permissible. Pursuit of similar claims for systemic reform through multiple individual suits would not only be inefficient, it would create a risk that different courts might order divergent or even conflicting relief.

32.     Certification is also proper pursuant to Rule 23(b)(1)(B), which requires a showing that "adjudications with respect to individual class members … would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests." Fed.R.Civ.P. 23(b)(1)(B). ERISA requires that, where appropriate, plan provisions must be "applied consistently with respect to similarly situated claimants." 29 C.F.R. § 2560.503-1(b)(5). If this Court were to find Defendants policies require Prudential to act in a certain fashion, ERISA would require Prudential act in a similar fashion toward all beneficiaries—the quintessential (b)(1)(B) scenario.

33.     A class is proper under Rule 23(b)(2) if the party opposing the class has "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole…" Fed.R.Civ.P. 23(b)(2). Plaintiffs and the Class members are all seeking declaratory and injunctive relief to remedy the same conduct on the part of Defendants: an order that Prudential stop increasing premium rates where it is given no regulatory approval to do so when their policies explicitly require such approval before premiums can be increased.

34.     A class action is appropriate under Rule 23(b)(3) because a class action is superior to any

other available means for fairly and efficiently adjudicating the controversy. In this regard, the

Class members' interests in individually controlling the prosecution of separate actions is low

given the magnitude, burden, and expense of individual prosecutions against a large corporation

such as Prudential. Further, neither Plaintiff nor her counsel are aware of any other on-going

class litigation concerning this controversy. It is desirable to concentrate this litigation in this

forum to avoid burdening the courts with individual lawsuits. Individualized litigation presents a

potential for inconsistent or contradictory judgments, and also increases the delay and expense to

all parties and the court system presented by the legal and factual issues of this case.  By

contrast, the class action procedure here will have no management difficulties.

35.     A proposed class is ascertainable if it is well defined and membership turns on objective

criteria. Plaintiffs have identified the specific "objective criteria" here as the policy terms

common to all Class members regarding regulatory approval of group long term care insurance

premium rate increases.

**FIRST CAUSE OF ACTION**
**(Claim for Appropriate Equitable Relief under 29 U.S.C. §1132(a)(3))**

36.     Plaintiffs restate and reallege all prior paragraphs.

37.     Plaintiffs and the Class are entitled to declaratory judgment and an injunction.

38.     ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), authorizes a participant or beneficiary to

 bring a civil action to: "(A) enjoin any act or practice which violates any provision of this title

or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such

violations or (ii) to enforce any provisions of this title or the terms of the plan."

39.     Due to the fiduciary breaches perpetrated by Defendants, namely increasing group

insurance premiums in violation of the plan terms, Plaintiff and the Class are entitled to other

equitable under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

40.     Plaintiff and the Class members seek this Court's order that they are entitled to appropriate equitable relief under 29 U.S.C. §1132(a)(3), including injunctive relief prohibiting past and future violations of ERISA relating to ERISA instruments; reformation of ERISA instruments drafted by Prudential to the degree plan/policy language violates ERISA; and all other make-whole equitable relief.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the putative Class, pray for judgment against Defendants as follows:

1.     For an Order certifying the proposed Class under F.R.C P. 23(b)(1), (b)(2), and (b)(3);

2.     For the relief outlined in the First Cause of Action outlined above;

3.     Enjoin the Defendants and each of them from further violations of their fiduciary responsibilities, obligations and duties;

4.     Order that the Defendants provide other appropriate equitable relief to the Class, including but not limited to, reformation of the plan, an accounting for profits, imposing other traditional equitable remedies to avoid injustice and to make the plaintiffs whole;

5.     Order Defendants to undergo training and monitoring under a special master appointed by the Court to avoid further ERISA violations;

6.     An award of all available damages;

7.     An award of costs and attorneys' fees available under law or statute including 29 U.S.C. §1132(g); and

8.     For such further relief as the Court deems equitable in the case.

Dated: January 20, 2022

THE PLAINTIFF, BY HER
ATTORNEYS,

*/s/ Sean K. Collins*

_____

Sean K. Collins
B.B.O. # 687158
Law Offices of
Sean K. Collins
184 High Street, Suite 503
Boston, MA 02110
Telephone: 855-693-9256
Fax: 617-227-2843
sean@neinsurancelaw.com
www.seankcollinslaw.com

Jonathan M. Feigenbaum
B.B.O. #546686
Law Offices of
Jonathan M. Feigenbaum
184 High Street, Suite 503
Boston, MA 02110
Telephone: 617-357-9700
Fax: 617-227-2843
jonathan@erisaattorneys.com

*Attorneys for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on the date below my signature, a copy of the foregoing was electronically filed with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system. Parties not registered with the Court's electronic filing system will be served this same day by First Class U.S. Mail.

/s/Sean K. Collins
Dated: January 20, 2022