## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARBARA M. PARMENTER, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, TUFTS UNIVERSITY, and DOES 1-50,<br><br>*Defendants*. | Civil Action No. 1:22-cv-10079-RGS |

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT TUFTS UNIVERSITY' S MOTION TO DISMISS THE COMPLAINT

Thomas Blatchley
  Of Counsel

Douglas E. Motzenbecker
Sarah L. Tomkin
  On the Brief

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

LEGAL ARGUMENT ........................................................................................................... 2

I.     BECAUSE THE INTERPRETATION OF THE PLAN DOCUMENTS MAY BE DECIDED NOW AS A MATTER OF LAW, THIS CASE MAY PROCEED SOLELY AS A DECLARATORY JUDGMENT ACTION, WHICH BARS PLAINTIFF FROM RELYING ON A THEORY OF BREACH OF FIDUCIARY DUTY LIABILITY UNDER 29 U.S.C. § 1132(a)(3). ....................................... 2

II.    PLAINTIFF HAS FAILED TO DEMONSTRATE WHY TUFTS BELONGS IN THIS ACTION ................................................................................... 6

      A.    Even If Plaintiff Could Prevail, Her Sole Remedy Would Lie Against Prudential .......................................................................... 6

      B.    Once the Breach of Fiduciary Duty Claims Have Been Dismissed, It Is All the More Clear that Tufts is Not a Proper Party Defendant. .................... 6

III.   IT IS CLEAR THAT THE PLAN DOCUMENTS – READ HOLISTICALLY – ALLOWED PRUDENTIAL TO INCREASE PLAINTIFF'S PREMIUMS. ................... 7

      A.    The Plan Includes Clear Caveats Advising Participants that Prudential Could Increase the Cost of Their Insurance. ........................................ 7

      B.    Plaintiff Did Not Have a Vested Right in the Status Quo ...................................... 8

IV.   PLAINTIFF CITES NO COMPELLING AUTHORITY THAT WOULD SUPPORT HER ARGUMENT THAT TUFTS COULD HAVE PREVENTED PRUDENTIAL FROM IMPOSING THE PREMIUM INCREASE ............................... 8

      A.    Plaintiff's Position is Untenable. .......................................................................... 8

V.    PLAINTIFF FAILS TO EXPLAIN OR DEFEND HER SHIFTING AND AMBIVALENT ALLEGATIONS AGAINST TUFTS ........................................................ 9

VI.   GIVEN THAT PLAINTIFF IS UNABLE TO SUPPORT HER ESTOPPEL AND MISRESENTATION CLAIMS AGAINST TUFTS, THESE ALLEGATIONS MUST BE DISMISSED AS TO IT. .................................................................. 10

VII.  BECAUSE PLAINTIFF HAS NOT DEMONSTRATED THAT SHE HAS A VIABLE DAMAGE CLAIM AGAINST TUFTS, SHE LACKS STANDING TO INCLUDE IT IN THIS ACTION. ....................................................................... 11

CONCLUSION ................................................................................................................ 11

<u>**TABLE OF AUTHORITIES**</u>

<u>**Page**</u>

**Cases**

*Curtiss-Wright Corp. v. Schoonejongen*,
  514 U.S. 73 (1995) .................................................................................................... 8

*Gammell v. Prudential of America Ins. Co.*,
  502 F. Supp. 2d 167 (D. Mass. 2007) ....................................................................... 4

*Garren v. John Hancock Mut. Life Ins. Co.*,
  114 F.3d 186 (11th Cir. 1997) .................................................................................. 6

*In re Morgan Stanley ERISA Litig.*,
  696 F. Supp. 2d 345 (S.D.N.Y. 2009) ...................................................................... 9

*LaRocca v. Borden, Inc.*,
  276 F.3d 22 (1st Cir. 2002) ............................................................................. 1, 4, 5

*Law v. Ernst & Young*,
  956 F.2d 364 (1st Cir. 1992) .................................................................................... 6

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ................................................................................................ 11

*Mahoney v. J.J. Weiser & Co.*,
  564 F. Supp. 2d 248 (S.D.N.Y. 2008) ...................................................................... 9

*Massachusetts Mut. Life Ins. Co. v. Russell*,
  473 U.S. 134 (1985) .................................................................................................. 3

*New York State Psychiatric Ass'n, Inc. v. UnitedHealth Grp.*,
  798 F.3d 125 (2d Cir. 2016),
  *cert. denied sub nom.*,
  *UnitedHealth Grp., Inc. v. Denbo*,
  136 S. Ct. 506 (2016) ........................................................................................... 5, 6

*Rush Prudential HMO, Inc. v. Moran*,
  536 U.S. 355 (2002) .................................................................................................. 3

*Silva v. Metropolitan Life Ins. Co.*,
  762 F.3d 711 (8th Cir. 2014) .................................................................................... 5

*Thole v. U.S. Bank N.A.*,
  140 S.Ct. 1615 (2020) ............................................................................................. 11

*Tibble v. Edison Int't*,
    575 U.S. 523 (2015) ......................................................................................... 9

*Vander Luitgaren v. Sun Life Assurance Co. of Canada*,
    765 F.3d 59 (1st Cir. 2014) ............................................................................... 8

*Varity v. Howe*,
    516 U.S. 489 (1996) ......................................................................................... 4

*Veera v. Ambac Plan Admin. Comm.*,
    769 F. Supp. 2d 223 (S.D.N.Y. 2011) ............................................................... 9

**Statutes**

29 U.S.C. § 1001-1461 .......................................................................................... 2

29 U.S.C. § 1132(a)(1)(B) ....................................................................... 1, 2, 3, 4, 5

29 U.S.C. § 1132(a)(3) ............................................................................... 1, 2, 4, 5

29 U.S.C. § 502(a)(1)(B) ....................................................................................... 3

29 U.S.C. § 502(a)(2) ............................................................................................ 3

29 U.S.C. § 502(g) ................................................................................................ 3

29 U.S.C. §1132(a) ............................................................................................... 5

**Rules**

Fed. R. Civ. P. 12(b)(1) .................................................................................. 1, 11

Fed. R. Civ. P. 12(b)(6) .................................................................................. 1, 11

Fed. R. Civ. P. 8(a)(2) ................................................................................... 1, 11

**Regulations**

Charles Alan Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 2751
    (3d ed. 1998) ................................................................................................. 4

**PRELIMINARY STATEMENT**

Defendant Tufts University[1] ("Tufts") submits this Reply Memorandum of Law in further support of its motion to dismiss the First Amended Complaint pursuant to FED. R. CIV. P. 8(a)(2), 12(b)(1), and 12(b)(6). In answer to the arguments that Plaintiff Barbara M. Parmenter has made in opposition to its motion, Tufts notes that:

(a)     Plaintiff has failed to demonstrate that it would be premature to dismiss her breach of fiduciary duty claims under 29 U.S.C. § 1132(a)(3), since there can be no doubt that she is seeking merely declaratory relief, the grant or denial of which will resolve all issues presented;

(b)     In arguing that dismissal would be premature, Plaintiff fails to cite controlling precedent of the U.S. Court of Appeals for the First Circuit, *see LaRocca v. Borden, Inc.*, 276 F.3d 22, 28 (1st Cir. 2002), which holds that as long as the plaintiff has the chance of recovering adequate relief under 29 U.S.C. § 1132(a)(1)(B), any supplemental claim under § 1132(a)(3) must be dismissed;

(c)     Because the contract interpretation issues presented may be decided now as a matter of law and, thus, Plaintiff can achieve complete relief by way of declaratory judgment action under § 1132(a)(1)(B), she lacks any basis to also sue under § 1132(a)(3);

(d)     Once Plaintiff's breach of fiduciary duty claims are dismissed, there will be no need to litigate her failure-to-monitor claims;

(e)     Because Tufts exercised no discretion over the Plan,[2] which Prudential administered and controlled in all respects, Tufts is not a proper party defendant in this action;

(f)     Because Prudential sought to impose the premium increase at issue, Plaintiff's only remedy would lie against it;

(g)     However, because the Plan documents, read as a whole, make clear that Prudential had reserved the right to impose premium increases, Plaintiff's contract claims – and thus any breach of fiduciary duty claims – fail as a matter of law;

(h)     Plaintiff has failed to answer Tufts' argument that the Plan was a welfare plan, that welfare benefits do not vest, and that Prudential had the discretion to

---

[1] The correct legal name for Tufts University is the Trustees of Tufts College.

[2] Tufts respectfully presumes familiarity with all defined terms used in its initial moving papers.

increase her premiums, particularly in light of the key provisions of the Plan documents;

(i)  Plaintiff's allegations against Tufts are inconsistent and contradictory and, thus, fail to set forth a plausible cause of action;

(j)  In opposing Tufts' motion, Plaintiff has failed to offer any evidence that Tufts made any misrepresentations about the terms or conditions of her coverage – or that she relied on any statement by Tufts concerning her coverage, which warrants the dismissal of the estoppel and misrepresentation claims that she has brought against it;

(k)  Plaintiff does not demand judgment against Tufts or request leave to amend her pleadings to so allege, even if this was an inadvertent oversight; and

(l)  Since Plaintiff has failed to plead a plausible theory of damage liability as to Tufts, she lacks standing to bring this claim, which deprives the Court of subject matter jurisdiction over Tufts.

<u>**LEGAL ARGUMENT**</u>

I.  **BECAUSE THE INTERPRETATION OF THE PLAN DOCUMENTS MAY BE DECIDED NOW AS A MATTER OF LAW, THIS CASE MAY PROCEED SOLELY AS A DECLARATORY JUDGMENT ACTION, WHICH BARS PLAINTIFF FROM RELYING ON A THEORY OF BREACH OF FIDUCIARY DUTY <u>LIABILITY UNDER 29 U.S.C. § 1132(a)(3).</u>**

In her Complaint and her opposition to Tufts' motion to dismiss her claims, plaintiff Barbara Parmenter argues that, on its face, the Plan document clearly and unambiguously bars defendant The Prudential Insurance Company of America ("Prudential") from imposing the premium increase at issue. She insists that Prudential has had a duty to honor the terms of the Plan as written, and that those terms permit only this result. She is able to summarize the issues presented in but a single paragraph. *See* Pb at 2 (quoting from Exhibit A to the Complaint).

The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, provides that a "civil action may be brought by a participant or beneficiary . . . to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]" 29 U.S.C. § 1132(a)(1)(B). Therefore, since Parmenter is alleging that Prudential has

violated the terms of the Plan by adopting the premium increase, it follows that she is necessarily suing to enforce her rights under the Plan. And, in seeking to bar Prudential from doing so again, she is seeking to clarify her rights to current and future benefits. Consequently, this action falls squarely within the ambit of § 1132(a)(1)(B).

As Tufts demonstrated in its initial moving Brief, Plaintiff is seeking nothing more than a declaratory judgment action against Prudential. Again, the U.S. Supreme Court has made clear that § 1132(a)(1)(B) allows a participant or beneficiary to bring a declaratory judgment action with respect to where one stands in relation to a plan:

> Commonly included in the panoply constituting part of this enforcement scheme are: suits under [29 U.S.C. 1132 § (a)(1)(B)] (authorizing an action to recover benefits, obtain a declaratory judgment that one is entitled to benefits, and to enjoin an improper refusal to pay benefits); suits under [29 U.S.C. 1132 §§ (a)(2) §§ 502(a)(2) and 1109 authorizing suit to seek removal of the fiduciary); and a claim for attorney's fees under [29 U.S.C. § 1132(g).

*Rush Prudential HMO, Inc. v. Moran*, 536 U.S. 355, 394 n.5 (2002); *see also Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 145 (1985) (affirming that a participant may file an action under 29 U.S.C. § 1132(a)(1)(B) "to obtain a declaratory judgment that she is entitled to benefits under the provisions of the plan contract, and to enjoin the plan administrator from improperly refusing to pay benefits in the future.").[3]

---

[3] One leading treatise explains the nature and purpose of a declaratory judgment action:

> It gives a means by which rights and obligations may be adjudicated in cases involving an actual controversy that has not reached the stage at which either party may seek a coercive remedy and in cases in which a party who could sue for coercive relief has not yet done so. The declaratory-judgment remedy enlarges the judicial process and makes it more pliant and malleable by putting a new implement at the disposal of the courts. It always is discretionary with the courts whether to make use of this procedure. The jurisdiction of the courts is not expanded and requests for declaratory judgments may be heard only in cases that otherwise are within their jurisdiction. Nor

Citing the Supreme Court's landmark decision in *Varity v. Howe*, 516 U.S. 489 (1996), the

U.S. Court of Appeals for the First Circuit has noted:

> Following this guidance, federal courts have uniformly concluded that, if a plaintiff
> can pursue benefits under the plan pursuant to Section a(1), there is an adequate
> remedy under the plan which bars a further remedy under Section a(3).

*LaRocca v. Borden, Inc.*, 276 F.3d 22, 28 (1st Cir. 2002). In *LaRocca*, the First Circuit took a strict

approach to the rule set forth in *Varity*, affirming an order that barred the plaintiffs from asserting

a breach of fiduciary duty claim under the catchall provision since they had other specific statutory

remedies available to them. Parmenter fails to cite the First Circuit's decision in *LaRocca*, but,

curiously, alludes to it merely in a parenthetical case citation (but without including the full name

of the case, specifying that the First Circuit had decided it, or providing the volume and page

number of the decision). *See* Pb at 8.

Further to this approach, in *Gammell v. Prudential of America Ins. Co.*, 502 F. Supp. 2d

167 (D. Mass. 2007), the court, applying the rule set forth in *LaRocca*, dismissed a breach of

fiduciary duty claim arising under § 1132(a)(3) – *at the pleadings stage* – because the plaintiff was

able to bring a suit for disability benefits under § 1132(a)(1)(B). The sole question presented was

whether the plaintiff had a *chance* of winning relief under that section, not the *guarantee* of success

on the claim. *Id.* at 171 (citing *LaRocca*, 276 F.3d at 28). Since that avenue of redress was open to

the plaintiff, the court dismissed his breach of fiduciary duty claim, rejecting his argument that

defendant's motion was premature. *Id.*

---

may the court grant a declaratory judgment in the absence of an
actual controversy between the parties.

Charles Alan Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and
Procedure § 2751 (3d ed. 1998) (footnotes omitted).

4

Here, Parmenter also claims it is too soon to say whether she will prevail on her contract interpretation claims. However, she refuses to acknowledge the obvious: that she has brought a declaratory judgment action that will require the Court to determine whether the Plan document, on its face, bars Prudential from imposing the premium increase.

Therefore, Tufts respectfully submits that the contract terms may be construed now, as a matter of law, without the need for written discovery or deposition testimony. Although she claims that she should be allowed to plead in the alternative for the time being, *see* Pb at 7, she fails to identify those claims that are so "intricate" that the Court must defer its ruling. *Cf. Silva v. Metropolitan Life Ins. Co.*, 762 F.3d 711 (8th Cir. 2014).

None of the cases on which Plaintiff relies warrants a different result. In *Silva*, the Eighth Circuit allowed the plaintiff to sue under both § 1132(a)(1)(B) and (a)(3) because, in its view, the U.S. Supreme Court bars dual claims only when there is the risk of double recovery. *Silva*, 762 F.3d at 726 (citing).

The First Circuit, however, focuses on whether the plaintiff can seek relief under a specific subsection of § 1132(a). *See LaRocca v. Borden, Inc.*, 276 F.3d at 28. When this rule is applied here, it is clear that Plaintiff is asking the Court to determine whether the Plan document permits Prudential to charge her more for the long-term care insurance at issue. There is no risk of a double recovery, since Prudential may either impose the premium increase or it may not.

Parmenter also relies on *New York State Psychiatric Ass'n, Inc. v. UnitedHealth Grp.*, 798 F.3d 125 (2d Cir. 2016), *cert. denied sub nom. UnitedHealth Grp., Inc. v. Denbo*, 136 S. Ct. 506 (2016), in which the Second Circuit held that, since it was unclear that the plaintiffs would be made whole under § 1132(a)(1)(B), the district court's dismissal of the catchall, breach of fiduciary duty claims was premature. The court of appeals, while skeptical, was unable to say that the

plaintiffs would be made whole on their suit for benefits, which would have precluded their breach of fiduciary duty claims. *Id.*, at 134. At the same time, the Second Circuit never really explained how a breach of fiduciary duty claim would have allowed the plaintiffs to achieve complete relief. Its reasoning is, therefore, is not persuasive and does not support Parmenter's position.

Here,  the breach of fiduciary duty claims that Plaintiff has brought under the catchall provision are untenable and may be dismissed now, particularly when she has alleged elsewhere that the contract issues are cut and dried. Allowing these allegations to survive so that she can pursue discovery would accomplish nothing. If she can prevail on her contract claims, she would have no need for equitable relief – and certainly not as to Tufts, given the very limited role it played in the administration of the Plan.

## II.   PLAINTIFF HAS FAILED TO DEMONSTRATE WHY TUFTS BELONGS IN THIS ACTION.

### A.   Even If Plaintiff Could Prevail, Her Sole Remedy Would Lie Against Prudential.

If the Complaint could survive dismissal, Plaintiff would be proceeding only against Prudential, which has sought to impose the premium increase at issue. Tufts would not be subject to any such order, since it neither issued the group policy at issue nor played any role in determining what Prudential's insureds must pay for their coverage. If Plaintiff prevails, the Court would order Prudential to rescind the increase.

### B.   Once the Breach of Fiduciary Duty Claims Have Been Dismissed, It Is All the More Clear that Tufts is Not a Proper Party Defendant.

In    its    moving    papers,    Tufts    cited    numerous    cases    holding    that    the "proper party defendant in  an  action  concerning ERISA benefits  is  the  party that controls administration of the plan." *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997); *accord Law v. Ernst & Young*, 956 F.2d 364, 372-73 (1st Cir. 1992). Plaintiff, however,

6

says nothing about this extensive line of authority and focuses, instead, solely on her argument that Tufts was the plan administrator, that it had an alleged duty to monitor Prudential, and that it breached this duty by failing to bar Prudential from increasing her premiums. However, for the reasons set forth in Point I, above, her failure-to-monitor claim is without merit, since she may not proceed on a breach of fiduciary duty theory.

In addition, the Plan documents – and, indeed, the Complaint read as a whole – leave no doubt that Prudential has controlled the administration of the Plan at all times, to the point where Tufts played no role in this process, except to hold the nominal title of plan administrator. Accordingly, Prudential is the only proper party defendant in this action and the Complaint should be dismissed as to Tufts.

## III.   IT IS CLEAR THAT THE PLAN DOCUMENTS – READ HOLISTICALLY – ALLOWED PRUDENTIAL TO INCREASE PLAINTIFF'S PREMIUMS.

### A.   The Plan Includes Clear Caveats Advising Participants that Prudential Could Increase the Cost of Their Insurance.

Plaintiff continues to focus myopically on one clause of the Plan document, alleging that Prudential assured her that it would not charge a premium without first securing the approval of the Massachusetts Commissioner of Insurance. This statement does not say that premiums would remain unchanged forever; to the contrary, it informs the policyholder that there will likely be increases and that they could range from ten percent to as much as 200 percent. *See* Complaint, Document 22-1, Exhibit A at 28-29. The Complaint does not allege that the increases exceeded this range or that they were even excessive or unlawful; rather, Plaintiff claims that since the Commissioner has elected not to regulate long-term care policies, Prudential may not impose any increases unless and until the Commissioner chooses to regulate these policies.

7

Again, Tufts submits that Plaintiff's reading of the contract is patently unreasonable. Plaintiff and the participants she purports to represent were on notice that they could eventually pay as much as double for their insurance, but – undaunted – they elected to proceed. Tufts, however, further notes that even assuming Plaintiff's breach of fiduciary duty claims could survive dismissal, a reasonable trustee could easily conclude that her reading is wrong and that Prudential *was* allowed to impose the increase. Since a fiduciary must honor the terms of the plan document as written, *see Vander Luitgaren v. Sun Life Assurance Co. of Canada*, 765 F.3d 59, 64 (1st Cir. 2014), Tufts would not only have had reason to believe that Prudential's actions were reasonable but that Tufts had no role in the matter. Indeed, the Plan document and the SPD gave Prudential total control over the Plan, its administration, and its interpretation.

B.       **Plaintiff Did Not Have a Vested Right in the Status Quo.**

"Employers or other plan sponsors are generally free under ERISA, for any reason at any time, to adopt, modify, or terminate welfare plans." *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995). In sum, Plaintiff reads the Plan to provide that she has had a vested right in the status quo. However, since the Plan provides welfare benefits, neither Plaintiff nor the putative class members had a vested right to benefits, or a specific level of premiums. Given the plain terms of the Plan documents, Prudential had the discretion to increase premiums as circumstances dictated.

IV.     **PLAINTIFF CITES NO COMPELLING AUTHORITY THAT WOULD SUPPORT HER ARGUMENT THAT TUFTS COULD HAVE PREVENTED PRUDENTIAL FROM IMPOSING THE PREMIUM INCREASE.**

A.       **Plaintiff's Position is Untenable.**

Tufts has been unable to find any case law that supports Plaintiff's theory that Tufts had the power to block the increase. Except to say that Tufts had a fiduciary duty to monitor Prudential

in the abstract, none of the cases Plaintiff has cited involve a scenario in which an employer/plan administrator actually brought an action against an insurance company that was failing to honor the plan documents or pay benefits as required by the Plan. The cases she does cite are inapposite. *See Veera v. Ambac Plan Admin. Comm.*, 769 F. Supp. 2d 223 (S.D.N.Y. 2011) (holding that compensation committee had arguable duty to monitor ESOP fiduciaries' decision to continue to hold employer stock); *In re Morgan Stanley ERISA Litig.*, 696 F. Supp. 2d 345 (S.D.N.Y. 2009) (same); *Mahoney v. J.J. Weiser & Co.*, 564 F. Supp. 2d 248 (S.D.N.Y. 2008) (finding that defendant, even if it held fiduciary status, lacked discretion to purchase insurance policies for the plan or to approve the payment of premiums); *Tibble v. Edison Int't*, 575 U.S. 523 (2015) (affirming general fiduciary duty to monitor the administration of plan assets).

In sum, the record weighs against any such interpretation in this case, and the Court is urged to reject such a tenuous theory of liability. Of course, since Plaintiff has brought this action and is seeking an order rescinding the premium increases, any omission on the part of Tufts will have been moot, since the Court will either approve or reject the premium increase.

## V.   PLAINTIFF FAILS TO EXPLAIN OR DEFEND HER SHIFTING AND AMBIVALENT ALLEGATIONS AGAINST TUFTS.

In its moving Brief, Tufts pointed out that Plaintiff's allegations against it are inconsistent and often contradictory. At one point, she treats Tufts and Prudential as if they were alter egos of one another. Although Tufts flagged the issue, Plaintiff has done nothing to address the conflict in her pleadings. In one breath, Plaintiff says that Prudential *and* Tufts increased her premiums, *see* Complaint, ¶¶ 70 & 72, and then, three paragraphs later, she urges the Court to bar "Prudential [from] increasing premium rates where it is given no regulatory approval to do so[.]" *Id.*, ¶ 75. In her demand for relief, Plaintiff demands judgment solely against Prudential. Ironically, the Complaint attaches the Plan document as an Exhibit, which states, in pertinent part, that "You will

be billed directly by *Prudential*, the due date will be indicated on your bill." *See* Complaint, Exhibit A, Tufts University Group Contract at 13 (emphasis in original).

Plaintiff gives the Court no reason to spare her Complaint from dismissal, since it contradicts itself on so many of its core allegations. She cannot seem to make up her mind as to whether she is proceeding solely against Prudential, or against both Prudential and Tufts. Her anemic allegations, however, confirm that her only recourse, if any, would lie against Prudential alone. Significantly, she never explains why her Complaint – which she has already once amended – demands judgment solely against Prudential, which was responsible for drafting the Plan documents, had the sole authority to interpret them, and dominated the Plan in all respects. Accordingly, these pleading deficiencies further demonstrate that the Complaint should be dismissed as to Tufts.

## VI.   GIVEN THAT PLAINTIFF IS UNABLE TO SUPPORT HER ESTOPPEL AND MISRESENTATION CLAIMS AGAINST TUFTS, THESE ALLEGATIONS MUST BE DISMISSED AS TO IT.

Although the Complaint lumps Tufts in with Prudential with respect to Plaintiff's estoppel and misrepresentation claims, Plaintiff never alleges that Tufts said anything about the Plan, the benefits she was going to receive, or what those benefits would cost. According to the Complaint, Prudential made all statements of and concerning the Plan. However, even if Plaintiff were seeking to estop Tufts or relying on a theory of fiduciary duty founded on misrepresentation, she has failed to allege that Tufts made misrepresentations to anyone, or that she relied on them. Further, Tufts has done nothing to prejudice her rights. At best, she could proceed solely against Prudential, which imposed the premium increase and would be the only party whose conduct must be addressed. Thus, the Complaint must be dismissed as to Tufts.

## VII.   BECAUSE PLAINTIFF HAS NOT DEMONSTRATED THAT SHE HAS A VIABLE DAMAGE CLAIM AGAINST TUFTS, SHE LACKS STANDING TO INCLUDE IT IN THIS ACTION.

If Plaintiff can overcome the many barriers to her claims against Prudential, she would have recourse solely against Prudential, which – if she could ever prevail – would have to undo the premium increase and restore Plaintiff and other participants to the position they were in before the change took effect. Tufts can have no liability because it did nothing to support Prudential's efforts to that end, and it, of course, collected none of these premiums.

Therefore, Tufts cannot be answerable for any of the damages at issue in this action. And, since Plaintiff does not have a viable damage claim against Tufts, she lacks Article III standing to bring suit against it. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Thole v. U.S. Bank N.A.*, 140 S.Ct. 1615 (2020). Thus, the Court lacks subject matter jurisdiction over Tufts, which should be excused from this litigation.

### CONCLUSION

For the reasons set forth above, Defendant the Trustees of Tufts University respectfully request that the Court grant Tufts' motion and dismiss the First Amended Complaint as to it pursuant to FED. R. CIV. P. 8(a)(2), 12(b)(1), and 12(b)(6).

Respectfully submitted,

GORDON & REES LLP
*Attorneys for Defendant Tufts University*


By: *s/Thomas C. Blatchley*
     Thomas C. Blatchley

DATED:  June 30, 2022

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 30, 2022, a copy of the foregoing was filed electronically and served by mail on anyone that is unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by first class mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this document through the court's CM/ECF System.


*/s/ Thomas C. Blatchley*
Thomas C. Blatchley